**LIN SHE, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2639–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 7, 2006.

Thomas V. Masucci, New York, New York, for Petitioner.

Michelle G. Tapken, United States Attorney, Mark A. Vargo, Assistant United States Attorney, Rapid City, South Dakota, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Lin She petitions for review of the April 2004 order of the BIA dismissing his ap-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as the respondent in this case.

peal from the decision of the immigration judge ("IJ"), which denied his application for asylum, withholding of removal and relief under the Convention against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

She contends that, because the BIA did not expressly adopt any of the IJ's findings, the BIA's decision alone is the only reviewable decision. She further contends that because the BIA's decision was so "vague" and "indecipherable" that it failed to articulate the theory upon which it dismissed the appeal, it is "unreviewable" and it necessitates remand.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions-or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 400 (2d Cir.2005). This Court reviews the BIA's and IJ's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

 The BIA's decision iterated the IJ's finding that "the respondent failed to sustain his burden of proving eligibility for the requested reliefs." The BIA then set forth the standard of review and indicated that She had not supported his defense to the material inconsistencies with any evidence. The BIA then supplemented the IJ's opinion by noting She's failure to address on appeal the IJ's decision to "give diminished weight to certain documents in the record." Therefore, the BIA adopted the reasoning and findings of the IJ and supplemented those findings. Further-

more, substantial evidence supports the IJ's adverse credibility determination, namely, the inconsistencies and implausibilities that the IJ identified in setting forth her reasons for rejecting She's account and deeming him not credible.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).